Daren M. Schlecter, Esq. (SBN 259537)
**Law Office of Daren M. Schlecter, A Prof. Corp.**
1925 Century Park East, Suite 830
Los Angeles, CA 90067
Telephone (310) 553-5747
Telecopier (310) 553-5487

Attorneys for Plaintiff
Kathy Vandenberghe

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 2018-14160-B-7 |
| | Chapter 7 |
| BRYAN A. ROCHE | Adv No: 18- |
| fdba R & L Restaurants, LLC<br>fdba R & R Restaurants LLC<br>fdba Dickey's Barbecue Pit<br>fdba Marquis Management Co.<br>fdba BAR BBQ, LLC | **COMPLAINT FOR NON-DISCHARGEABILITY FOR:**<br><br>**1) Debts Incurred Through False Pretenses, False Representation or Actual Fraud under 11 U.S.C. § 523(a)(2)(A)** |
| Debtor. | **2) Debts Incurred through Embezzlement/ Conversion under 11 U.S.C. §523(a)(4)** |
| KATHY VANDENBERGHE, | **3) Debts Incurred Through Willful and Malicious Injury to Property under 11 U.S.C. §523(a)(6)** |
| Plaintiff, | **4) Objection to Discharge under 11 U.S.C. §727(a)(5)** |
| vs. | |
| BRYAN A ROCHE, an individual; and DOES 1-10, inclusive; | |
| Defendants. | |

**TO THE HONORABLE RENE LASTRETO II UNITED STATES BANKRUPTCY JUDGE AND TO ALL INTERESTED PARTIES:**

-1-

**I. GENERAL ALLEGATIONS**

1. Plaintiff, Kathy Vandenberghe, ("Plaintiff" or "Swift"), is now and was, an individual residing in Montecito, CA.

2. Plaintiff is informed and believes and based upon such information and belief alleges that Defendant Bryan A. Roche (alternatively referred to as "Roche, "Defendant" or "Debtor"), are now and was, at all times herein mentioned, individuals residing in the County of Tulare, State of California based on the petition and schedules. Defendant Bryan A. Roche is the debtor in the above captioned Chapter 7 bankruptcy case entitled 2018-14160 filed on October 2, 2018.

3. The true names and capacities of Defendants DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend its Complaint to allege said Doe Defendants' true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and based upon such information and belief alleges, that each Defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

4. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants named herein as Does 1 through 10, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damage caused by the Defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

5. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants including Does 1 through 10, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

6. Wherever appearing in this Complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is

otherwise specifically qualified.

7. This Court has jurisdiction over this adversary proceeding for non-dischargeability pursuant to 28 U.S.C. §157(b)(2)(I) and 28 U.S.C. §1334. This Court has jurisdiction over Plaintiff's fraud claims under 28 U.S.C. §§157(b)(2)(B), (b)(4), (b)(5), (c)(1). 1334(a), (b), which are non-core but otherwise related to the instant bankruptcy case and the determination of non-dischargeability under 11 U.S.C. §523(a)(2)(A), (a)(4), (a)(6), and 11 U.S.C. §727(a)(5).

8. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a) in that the instant proceeding is related to the Andros Bankruptcy under 11 of the United States Code, which is before this Court.

## II. TRANSACTIONS LEADING TO THE FRAUD

9. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 8 inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full.

10. On or about August 1, 2015, Plaintiff entered into an Agreement with Debtor ("Roche") for the purpose of aiding Debtor's various businesses and was given $150,000.00 in exchange for his promise for repayment in sixty (60) payments in equal monthly installments of $2,629.16 each with the first payment due and payable on October 31, 2015 and interest at the rate of two percent interest per annum ("Obligation").

11. Defendant thereafter defaulted on repayment in 2016 and 2017, and in early 2018. Thus, Plaintiff caused to be filed an action in the Santa Barbara Superior Court entitled *Vandenberghe v. Roche*, Case Number 18CV02841 on or about. June 7, 2018 for breach of contract, conversion and related causes of action. On August 7, 2018, Plaintiff obtained a judgment in the amount of $96,481.68, inclusive of attorneys fees, costs and interest plus exclusive of post-judgment interest. On September 20, 2018, Debtor was given notice of entry of that Judgment. Roche's bankruptcy quickly followed on October 12, 2018.

12. Following the bankruptcy filing, Plaintiff discovered through the petition,

schedules and other sources that:

    a. Debtor used the funds from Plaintiff on personal expenses, including the purchase of luxury vehicles, taking vacations, and other non-business use;

    b. Debtor sold various companies (or his interest in the companies) such as Dickeys BBQ in Hollister in 2016 and Dickeys BBQ in Seaside in 2017 for no consideration and Dickeys BBQ Riverside in 2018 for $100.00 without adequate explanation for the lack of value exchanged, diminution in value or valuation of the various companies sold, or documentation to support the arguably fraudulent transfers or equivalent value exchanged, and as such has failed to explain the loss or deficiency of assets to support his entitlement to a discharge; and

    c. Debtor was facing financial troubles with his franchises/businesses with Dickeys as early as 2013 and continuing thereafter, such that Debtor disguised and concealed the true purpose and nature of the loan.

## III. FIRST CLAIM FOR RELIEF
## TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)
### (Debts Incurred Through False Pretenses, False Representation or Actual Fraud)

13. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 12 inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full.

14. Defendant represented at the time of entering into the Agreement both in writing and orally that he would use the funds from Plaintiff to aid his various Dickey franchises existing as of December, 2015. Thus the Obligation underling the Agreement was that Plaintiff would lend Debtor $150,000.00 for business purposes only.

15. Plaintiff relied on these representations by Defendants in lending Plaintiff $150,000.00 so that Debtor could operate his businesses. Plaintiff would not have lent the monies under the Agreement if it had known the truth that Debtor was using those funds on personal use and otherwise mismanaging his businesses.

16. Defendant's representations to Swift were false insofar as:

    a. Debtor used the funds from Plaintiff on personal expenses, including the

| | |
|---|---|
| 1 | purchase of luxury vehicles, taking vacations, and other non-business use; and |
| 2 | b. Debtor sold various companies (or his interest in the companies) such as |
| 3 | Dickeys BBQ in Hollister in 2016 and Dickeys BBQ in Seaside in 2017 for no |
| 4 | consideration and Dickeys BBQ Riverside in 2018 for $100.00 without adequate |
| 5 | explanation for the lack of value exchanged, diminution in value or valuation of |
| 6 | the various companies sold, or documentation to support the arguably fraudulent |
| 7 | transfers or equivalent value exchanged, and as such has failed to explain the loss |
| 8 | or deficiency of assets to support his entitlement to a discharge.    . |

17. Plaintiff justifiably relied on the Defendant's representations in the Agreement, including the financial ability of the Debtor to repay Plaintiff and that he would use the funds from Plaintiff only for business use.

18. Plaintiff discovered after the making of the aforementioned representations that those representations were false, and Defendant knew that they were false and made the representations with the intention and purpose to deceive Plaintiff and without any present intention of performing according to those representations and further to obtain all of the benefits of the monies paid to Defendants and inducing Plaintiff to pay the monies based on false representations.  The true facts were:

    a. Debtor used the funds from Debtor on personal instead of business use on luxury purchases, including vehicles, vacations and other non-necessities.

    b. Debtor sold various companies (or his interest in the companies) such as Dickeys BBQ in Hollister in 2016 and Dickeys BBQ in Seaside in 2017 for no consideration and Dickeys BBQ Riverside in 2018 for $100.00 without adequate explanation for the lack of value exchanged, diminution in value or valuation of the various companies sold, or documentation to support the arguably fraudulent transfers or equivalent value exchanged, and as such has failed to explain the loss or deficiency of assets to support his entitlement to a discharge.  Plaintiff is informed and believes and thereon alleges that Debtor's interest in each of these

businesses had significant value over and above the de minimis amounts they were sold for as stated on Debtor's petition and schedules and as such constitute fraudulent transfers.

19. The circumstances at the time establish that Defendant made the promises without any intention to perform them because he was in desperate need to attempt to save his business by taking funding from Plaintiff without disclosing the risk that posed to Plaintiff, and Defendant did not at the time intend to perform them. The petition and the schedules show hundreds of thousands of dollars of liability incurred in or about 2015 for business or related debt at about the same time the Agreement was executed and the Obligation with Plaintiff incurred (and for which Debtor had personal liability for as admitted on the petition/schedules). Plaintiff justifiably relied on the representations, all to its loss and damage in a sum in excess of $96,481.68 (the amount of Judgment, exclusive of post-judgment attorneys fees, costs, and interest) or according to proof at trial.

20. As a proximate result of Defendant's misrepresentations, Plaintiff has suffered damages in a sum in excess of $96,481.68 or according to proof at trial.

21. Defendant/Debtor's conduct violates 11 U.S.C. §523(a)(2)(A) and, therefore, Debtor's indebtedness to Plaintiff constitutes a non-dischargeable debt.

## IV. SECOND CLAIM FOR RELIEF
## TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)
### (Debts Incurred through Embezzlement/Conversion under 11 U.S.C. §523(a)(4))

22. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 21 inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full.

23. Among other things, Defendants' acts of failing to disclose that he was using the funds from Plaintiff on personal use and/or that he was in financial trouble at the time of taking the amounts from Plaintiff.

24. The aforementioned acts and the other acts alleged here constitute fraud in connection with embezzlement/conversion sufficient to establish a non-dischargeable debt under 11 U.S.C. §523(a)(4);

25. The Defendant/Debtor's conduct violates 11 U.S.C. §523(a)(4) and, therefore, the Debtor's indebtedness to Plaintiff constitutes a non-dischargeable debt under *In re Littleton*, 942 F. 2d 551, 555 (9th Cir. 1991).

26. As a direct and proximate result of the Debtor's actions, Plaintiff has suffered losses in an amount in excess of $96,481.68.

## V. THIRD CLAIM FOR RELIEF
## TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)
## (Debts Incurred Through Willful and Malicious Injury to Property under 11 U.S.C. §523(a)(6))

27. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full.

27. Among other things, Defendant's wrongful use of the funds for non-business use, failure to disclose the true financial troubles of his various businesses and the circumstances/need for the loan, and the ultimate de miminis exchange of value all evidence a pattern or practice of willful and malicious injury to Plaintiff that is actionable under 11 U.S.C. §523(a)(6).

28. The aforementioned acts and the other acts alleged here constitute willful and malicious injury to Plaintiff's property sufficient to establish a non-dischargeable debt under 11 U.S.C. §523(a)(6).

29. The Defendant/Debtor's conduct violates 11 U.S.C. §523(a)(6) and, therefore, the Debtor's indebtedness to Plaintiff constitutes a non-dischargeable debt.

30. As a direct and proximate result of the Debtor's actions, Plaintiff has suffered losses in an amount in excess of $96,481.68.

# V. FOURTH CLAIM FOR RELIEF

## TO DETERMINE OBJECTION TO DISCHARGE

**(The debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities under 11 U.S.C. §727(a)(5))**

31. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 30 inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full.

32. Pursuant to *In re Duncan,* 123 B.R. 383, 387 (C.D. Cal. 1991), Debtor has failed to communicate with, account for, and explain where the funds from Plaintiff went to vis a vis his various businesses, the extent of his financial troubles at the time the Obligation was incurred. Specifically, Debtor has failed to explain satisfactorily, the loss of value to various Dickey franchises sold for no or very little consideration as admitted on Debtor's Statement of Financial Affairs, when compared to the other franchises for which he obtained hundreds of thousands of dollars in value for, and what was done with the monies from those sales. The failure to explain these losses and the deficiency of assets to meet his liabilities is alarming and concerning such that Plaintiff objects to Debtor's dishcarge.

33. As a direct and proximate result of the Debtor's actions, the estate has suffered losses in an amount in excess of at least $96,481.68.

WHEREFORE, Plaintiff prays:

1) That the Court determine the amount owed to Plaintiff from Defendant to be at least $

2) That the Court determine that Defendant's debts to Plaintiff are nondischargeable under 11 U.S.C. §523(a)(2)(A), (a)(4), (a)(6) and 11 U.S.C. 727(a)(5);

3) That the Court determine any remaining issues; and

4) That the Court enter judgment for Plaintiff against Defendant in the amount owing, along with interest, attorney fees pursuant to Federal Rule of Bankruptcy Procedure 7008 or any other document pursuant to Bankruptcy Rule or statute, and costs of suit, and that Plaintiff have such other and further relief as the Court deems appropriate.

Dated: January 17, 2019                    LAW OFFICE OF DAREN M. SCHLECTER

                                           /s/ Daren M. Schlecter, Esq.

                                           By: _____
                                               DAREN M. SCHLECTER
                                               Attorney for Creditor Kathy
                                               Vandenberghe